# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| § | CASE NO. 6:10CR126-JRG |
| vs. § | |
| § | |
| § | |
| JAMES EARL WILSON, JR. (3) § | |
| § | |

## REPORT AND RECOMMENDATION
## ON REVOCATION OF SUPERVISED RELEASE

The Government moved to revoke Defendant James Earl Wilson Jr.'s supervised release based on violations of his supervised release conditions. Defendant waived his right to a revocation hearing and pleaded "true" to Allegation 2 in the petition. It is the recommendation of the undersigned that the plea be accepted and that Defendant be sentenced to twelve months and one day of imprisonment with no further supervised release.

*Background*

After pleading guilty to the offense of conspiracy to possess with intent to distribute methamphetamine, a Class B felony, Defendant was sentenced on August 9, 2011, by the Honorable Leonard Davis, United States District Judge, to 84 months of imprisonment to be followed by 5 years of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, substance abuse treatment and testing and a $100 special assessment. The offense carried a statutory maximum imprisonment term of 40 years and the guideline imprisonment range, based on a total offense level of 25 and a criminal history category of IV, was 84 to 105 months. On March 23, 2015, Judge Davis entered an Order reducing

1

Defendant's sentence to 70 months of imprisonment pursuant to 18 U.S.C. § 3553(a). Defendant completed his term of imprisonment and began serving his term of supervised release on December 9, 2015. The case was reassigned to Chief Judge Rodney Gilstrap on March 5, 2018.

*Allegations*

In the Petition for Warrant or Summons for Offender Under Supervision filed on March 22, 2018, United States Probation Officer Ben Sanders alleges that Defendant violated the following conditions of release:

**Allegation 1** (standard condition 3): The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer. It is alleged that Defendant was instructed to report to the U.S. Probation Office for a drug test on January 23, 2018 but he failed to report. It is also alleged that Defendant arrived 45 minutes late for a substance abuse assessment on February 27, 2018 even though he had been previously instructed that he must report on schedule for all counseling appointments.

**Allegation 2** (standard condition 7): The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician. It is alleged that Defendant submitted urine specimens that tested positive for methamphetamine on January 26, 2018, February 5, 2018, February 15, 2018, February 27, 2018 and March 8, 2018.

**Allegation 3** (special condition): The defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as you are released from the program by the probation officer. It is alleged that Defendant failed to report for random drug testing on February 19, 2018 and March 5, 2018.

*Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). Pursuant to 18 U.S.C. § 3583(g), the Court also shall revoke the term of supervised release if Defendant possessed a controlled substance in violation of his conditions. Evidence of drug use is sufficient to support a finding of possession of a controlled substance within the meaning of 18 U.S.C. § 3583(g). *See U.S. v. Smith*, 978 F.2d 181 (5th Cir. 1992). In the present case, Defendant's original offense of conviction was a Class B felony. Accordingly, the maximum sentence the Court may impose is 3 years of imprisonment. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by possessing methamphetamine as alleged in the petition, he is guilty of a Grade B violation. U.S.S.G. § 7B1.1(a). Defendant's original criminal history category was IV. The Guidelines, therefore, provide that Defendant's guideline range for a Grade B violation is 12 to 18 months of imprisonment. U.S.S.G. § 7B1.4(a). If the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by using methamphetamine, failing to report for random drug testing, failing to report to the U.S. Probation Office, and failing to report

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir.1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir.1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

for a substance abuse assessment on time as alleged in the petition, he is guilty of a Grade C violation. U.S.S.G. § 7B1.1(a). With Defendant's original criminal history category of IV, the applicable guideline range for a Grade C violation is 6 to 12 months of imprisonment. The grade of the violation having the most serious grade is used to determine the guideline range when there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense. U.S.S.G. § 7B1.1(b).

*Hearing*

On April 17, 2018, Defendant appeared for a final revocation hearing. Assistant United States Attorney Nathaniel Kummerfeld announced that an agreement was reached with Defendant and Defendant's counsel, Assistant Federal Defender Wayne Dickey, for Defendant to enter a plea of true to Allegation 2 in the petition and to jointly request a sentence of twelve months and one day of imprisonment with no further supervised release. After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to Allegation 2 in the petition. Defendant requested a recommendation to the Bureau of Prisons to confine him at FCI Texarkana to facilitate family visitation.

*Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegation 2 in the petition is true. Defendant is guilty of a Grade B supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to twelve months and one day of imprisonment with no further supervised release. Any criminal history monetary penalties previously ordered in the

final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

## **RECOMMENDATION**

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 2 be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to twelve months and one day of imprisonment with no further supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is therefore recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be sentenced to twelve months and one day of imprisonment with no further supervised release and with a recommendation to the Bureau of Prisons to designate Defendant to FCI Texarkana.

So ORDERED and SIGNED this 17th day of April, 2018.

_K. Nicole Mitchell_
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE